OPINION
Defendant-appellant Robert D. Day, appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of harassment by an inmate, in violation of R.C. 2921.38, a felony of the fifth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 4, 1999, the Stark County Grand Jury indicted appellant on one count of harassment by an inmate, in violation of R.C. 2921.38(A). At his arraignment on November 12, 1999, appellant pled not guilty to the charge in the indictment. A jury trial was conducted on December 28, 1999. The following evidence was elicited at trial: In the early hours of October 10, 1999, appellant was in the receiving area of the Stark County Jail. Due to his intoxicated condition and the fact that he was screaming, yelling and shouting, appellant was strapped into a restraint chair. A restraining chair uses a number of straps around the legs, arms and torso to restrain a person's ability to move. The restraining chair also includes a spit mask, which is a mesh piece of cloth that is fitted around the lower half of the occupant's face. Sometime around 4:00 A.M., Officer Kirkland was checking appellant's restraints. As she was doing so, she noticed that the spit mask on appellant had loosened. As Officer Kirkland looked at appellant, appellant turned his head to the right to look at Kirkland. Appellant looked Kirkland in the eye, cleared his throat, and spit into her face. Officer Kirkland jumped back and determined appellant had spit a large amount of saliva on her. Testimony showed that appellant then resumed his yelling and screaming of profanities, beginning with the phrase "Die, bitch, die!" Officer Kirkland's supervisor, Sgt. Altieri, saw Officer Kirkland react to appellant's attack, rushed to the area, and told Kirkland to go and clean up. Sgt. Altieri proceeded to adjust the spit mask to fit properly over appellant's face. Appellant testified in his own defense. He claimed he had been extremely intoxicated. Appellant testified that he remembered struggling with the deputies at the jail and that he was thereafter placed in a restraining chair. However, appellant claimed that he did not remember anything else about the evening. Appellant testified that he often spits when he talks because he has no front teeth. Following the trial, the jury returned a verdict of guilty as charged in the indictment. On January 10, 2000, the trial court filed its Judgment Entry of Conviction and Sentencing. Appellant was sentenced to confinement in a state penal institution for a stated term of eleven months. It is from this conviction and sentence that appellant prosecutes this appeal, raising the following assignments of error:
 I. THE JUDGMENT OF CONVICTION BY THE TRIAL COURT AND VERDICT OF THE JURY AS TO THE CHARGE CONTAINED IN THE INDICTMENT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION TO DISMISS THE CASE.
 I
In his first assignment of error, appellant argues that the jury's verdict was against the manifest weight of the evidence. Appellant argues that he was intoxicated and that, due to his lack of front teeth, he often spits when speaking. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717; see also, State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin,20 Ohio App.3d at 175, 485 N.E.2d 717. Appellant was convicted of one count of harassment by an inmate, in violation of R.C. 2921.38(A). Revised Code 2921.38(A) states: No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner.
We find that the conviction was not against the manifest weight of the evidence. Testimony was presented that, while in a restraining chair at the Stark County Jail, appellant took affirmative steps to spit upon Officer Kirkland. Officer Kirkland testified that appellant's spit mask had slipped out of place and appellant turned his head to take advantage of that fact, looked Officer Kirkland in the eye and spit a large amount of saliva into her face. Two other officers heard appellant spit on Officer Kirkland and one of them heard appellant clear his voice immediately before appellant spit on the officer. After spitting on Officer Kirkland, appellant yelled, "Die, bitch, die!." Upon review of the entire record, we find that the conviction does not constitute a manifest miscarriage of justice. While appellant testified that he was too intoxicated to form the requisite intent and that he often spit while talking due to his lack of teeth, the jury rejected this testimony. We find there was sufficient competent, credible evidence to support the jury's verdict and we cannot find that the jury clearly lost its way. Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, appellant contends that the trial court erred in failing to grant appellant's Motion to Dismiss the case. Appellant argues that the State failed to show that appellant was lawfully confined at the Stark County Jail. While stylized as a Motion to Dismiss, appellant's motion is, in essence, a Motion for Acquittal, pursuant to Crim.R. 29(A). Crim.R. 29(A) states: The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case. Therefore, we shall consider the assignment of error under a Crim.R. 29(A) analysis and standard of review. The standard of review under Crim.R. 29(A) is sufficiency of the evidence.
In reviewing a record for sufficiency, "the relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus. As the Ohio Supreme Court stated in State v. Thompkins (1997),78 Ohio St.3d 380, 386-387, 678 N.E.2d 541: With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388,124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
While we agree with appellant that the State must show sufficient evidence that appellant was confined in a detention center in order to obtain a conviction for harassment by an inmate, appellant cites this court to no authority that states that the State must demonstrate the basis or legality of appellant's initial arrest or detention. It is clear from the record before this court that the State provided sufficient evidence that the appellant was being detained at the Stark County Jail at the time of the incident. Appellant's second assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Wise, J. concur